IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CR-202-WKW |
| | ) | [WO] |
| DURRELL HUGHES | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Durrell Hughes's *pro se* motion, as supplemented, which is construed as a Motion for a *Nunc Pro Tunc* Order for a Concurrent Sentence. (Docs. # 189, 190.) The motion will be granted to the extent that Mr. Hughes requests a recommendation from the court that service of Mr. Hughes's federal sentence be run concurrently with his later-imposed state sentence.

**I. BACKGROUND**

On October 20, 2009, Mr. Hughes and his two accomplices robbed the CB&T Bank of East Alabama in Phenix City, Alabama. Mr. Hughes was the get-away driver. On December 16, 2009, he was indicted by a federal grand jury for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. (Doc. # 1.) On February 18, 2010, Mr. Hughes was brought into federal custody pursuant to a writ of habeas corpus ad prosequendum for his arraignment. (Doc. # 13.) On September 30, 2010, pursuant to a binding plea agreement (Doc. # 71), the court sentenced Mr.

Hughes to sixty months. The judgment is silent as to whether Mr. Hughes's sentence was to run concurrently to any anticipated state term of imprisonment. Thereafter, Mr. Hughes was returned to state custody. (Doc. # 102.)

Unbeknownst to the undersigned at the time of sentencing (and apparently also to Mr. Hughes, *see* Doc. # 153) on August 6, 2010, a Russell County grand jury had indicted Mr. Hughes for first-degree robbery. The Russell County indictment arose from the same armed bank robbery for which Mr. Hughes was indicted and sentenced in this court. Mr. Hughes was arrested on the state charge on October 20, 2009. On April 13, 2011 (which was after the imposition of his sixty-month federal sentence), Mr. Hughes was sentenced in the Circuit Court of Russell County, Alabama, to 117 months' imprisonment. The state court sentencing order provides that Mr. Hughes's "sentence shall be concurrent with the sentences imposed in cases that defendant is currently serving." Mr. Hughes began service of his state sentence on April 13, 2011.[1] Upon completion of his state sentence, he was paroled to federal custody on February 20, 2018, to begin serving his federal sentence. (Doc. # 189-5 (Ex. E).)

---

[1] The information about Mr. Hughes's state conviction and sentence was verified from Alacourt records.

Mr. Hughes currently is an inmate at the Federal Correctional Institution in Talladega, Alabama. His projected release date is November 3, 2021. (Doc. # 189-5 (Ex. E).)

Mr. Hughes requested the Federal Bureau of Prisons ("BOP") to award him credit toward his federal sentence for the time he spent in state custody. In a letter to Mr. Hughes, dated January 29, 2020, the BOP answered his request as follows:

> This is in response to your request for credit toward your federal sentence for time spent in state custody. Pursuant to Bureau of Prisons (Bureau) Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, the Bureau considers an inmate's request for prior custody credit for time spent in state custody as a request for a nunc pro tunc or retroactive designation. There is no order or recommendation by the court regarding the service of your federal sentence with your later-imposed state sentence. As required by policy, the federal sentencing court will be contacted for its position on the concurrency of your federal sentence with your later-imposed state sentence.
>
> Should the Court indicate your federal sentence is to run concurrently with your state sentence, the Bureau will attempt to carry out the intent of the Court, while calculating your sentence in accordance with Federal statute and Bureau policy. Should the Court indicate your federal sentence is to run consecutively to your state sentence, you will continue to your current projected release date.

(Doc. # 190-1.)

## II. DISCUSSION

District courts have the authority to order a federal sentence to run concurrently with an anticipated state sentence. *See* 18 U.S.C. § 3584; *Setser v. United States*, 566 U.S. 231, 244 (2012). At Mr. Hughes's sentencing before this

court, defense counsel did not make that request because he did not know about the pending state court indictment. (Doc. # 153, ¶ 3.) Neither did the court. Consequently, the judgment does not mention anything about the later-imposed state sentence.

The court is powerless to amend Mr. Hughes's judgment at this juncture. Except in limited circumstances that do not apply here, 18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment after it has been imposed. *See* 18 U.S.C. § 3582(c). Notwithstanding this statutory barrier, the BOP can enter a *nunc pro tunc* designation as to the place of imprisonment. Under 18 U.S.C. § 3621(b), the BOP designates the place of imprisonment, and, in Mr. Hughes's case, it has the authority to designate a state prison as the place where Mr. Hughes is to serve his federal sentence. *See* 18 U.S.C. § 3621(b); Dep't of Justice, BOP, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence ("BOP Program Statement"), ¶ 9(b)(4). Additionally, the BOP may make this designation retroactive or *nunc pro tunc*, which effectively results in the federal sentence running concurrently with the state sentence. *See* BOP Program Statement, ¶ 9(b)(4); *see also Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990) ("Barden's state incarceration can be credited against his federal sentence if the Bureau, *nunc pro tunc*, designates Rockview [a state institution] as the facility where Barden served a portion of his federal sentence.").

...

Based on these authorities, Mr. Hughes has sought a *nunc pro tunc* designation from the BOP. The BOP's letter to Mr. Hughes indicates that the BOP will contact the sentencing court "for its position on the concurrency of [Mr. Hughes's] federal sentence with [his] later-imposed state sentence." (Doc. # 190-1); *see* BOP Program Statement ¶ 9(c).

The BOP has not yet contacted the court; however, anticipating that the BOP will request its position, the court states as follows: The court has no objection to Mr. Hughes receiving prior-custody credit for the time he spent in state custody as a result of the sentence imposed in *Alabama v. Hughes*, Case No. CC-2010-000789.00 (Circuit Ct. of Russell Cty., Ala.). Had the request been made at the time of sentencing, the court would have ordered the sentence in this case to run concurrently with the anticipated sentence in *Alabama v. Hughes*. In other words, the court has no objection to a *nunc pro tunc* designation that effectively makes the federal sentence run concurrently to Mr. Hughes's later-imposed state sentence.

### III. CONCLUSION

It is ORDERED that Defendant Durrell Hughes's *pro se* motion, as supplemented, which is construed as a Motion for a *Nunc Pro Tunc* Order for a Concurrent Sentence (Docs. # 189, 190), is GRANTED as set out in this Order.

DONE this 20th day of April, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE